## Commonwealth v. Johnson et al.

(Decided Nov. 15, 1935.)

BAILEY P. WOOTTON, Attorney General, RAY L. MURPHY, Assistant Attorney General, and J. E. CHILDERS, Commonwealth's Attorney, for appellant.

W. A. DAUGHERTY and W. W. BARRETT for appellees.

OPINION OF THE COURT BY JUDGE STITES—Dismissing appeal.

This is an appeal by the commonwealth from a judgment based on a directed verdict of acquittal given at the close of the evidence for the prosecution. The defendants were indicted for the murder of Gus Johnson. The evidence was entirely circumstantial, and the trial judge was of the opinion that there was not sufficient evidence introduced to show that a crime had been committed or to connect the defendants therewith, assuming its commission. The defendants stand acquitted. Nothing we can now say or do can remove the immunity of former jeopardy, even if we should disagree with the conclusions of the trial judge.

It is provided by section 352 of the Criminal Code of Practice that an appeal may be taken by the commonwealth in cases of this character "when it is important to the correct and uniform administration of the criminal law." There is, of course, no brief on behalf of the acquitted defendants, and any exposition we might make of the law would necessarily be based on the ex parte presentation on behalf of the commonwealth. Indeed, it is admitted in appellant's brief "that a question involving sufficiency of evidence is dependent upon the particular facts to be found in the case where the question presents itself, and the correctness of a ruling made by a trial court in this respect depends not on any fixed rule applicable in all cases, but on the facts, circumstances, weight and sufficiency of the evidence in the particular case." Our determination, in an ex parte proceeding, of the correctness or incorrectness of the ruling by the trial judge could not possibly, under the circumstances, be "important to the correct and uniform administration of the criminal law." No other case is pending on our determination of this one. We must therefore decline further to consider the question.

For the reasons stated the appeal is dismissed.

Whole court sitting.